UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETA PAULET WOODRUFF and DAVID BELLAMY,<br><br>Plaintiffs<br><br>v.<br><br>RUBEN A. VILLALOBOS, et al.,<br><br>Defendants | CASE NO. 1:16-CV-1170 AWI EPG<br><br>ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISS MATTER AS FRIVOLOUS<br><br>(Doc. Nos. 2, 3) |

On August 9, 2016, Plaintiffs Keta Woodruff ("Woodruff") and David Bellamy ("Bellamy") (collectively "Plaintiffs") filed this civil rights lawsuit and two motions to proceed *in forma pauperis*. See Doc. Nos. 1, 2, 3. Plaintiffs allege claims under 42 U.S.C. § 1983, RICO, 18 U.S.C. §§ 241 and 242, 22 C.F.R. § 92.18, and 27 C.F.R. § 72.11 against Judge Ruben A. Villalobos ("Judge Villalobos"), Judge Dawna Reeves ("Judge Reeves") (both of the Stanislaus County Superior Court)[1] and Stanislaus County Assistant District Attorney Jeff Mangar ("Mangar").[2] These defendants are sued in both their individual and official capacities. Plaintiffs seek monetary and injunctive relief, and now move for *in forma pauperis* status.

*Factual Background*

The Complaint is not a model of clarity. Plaintiffs refer to themselves as "living beneficiaries," "Creditor One," or "Creditor Two," and to Defendants as "Debtor One," "Debtor

---

[1] The Complaint does not allege on which court the judges sit. However, the Court takes judicial notice of the California Supreme Court's website, which shows that Judges Villalobos and Reeves sit on the Stanislaus County Superior Court. See Fed. R. Evid. 201; Dudum v. Arntz, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011); http://www.courts.ca.gov/2948.htm.

[2] The Complaint does not allege at which office Mangar is employed. However, the Court takes judicial notice of the State Bar of California website, which shows that Mangar is an assistant district attorney in the Stanislaus County District Attorney's office. See Fed. R. Evid. 201; Dudum, 640 F.3d at 1101 n.6; http://members.calbar.ca.gov.

1   Two," "Debtor Three," "Fiduciaries," or "Trustees."  However, what can be gleaned from the
2   Complaint is that, on June 23, 2016, Mangar obtained an arrest warrant for Plaintiffs.  Complaint
3   at p.2.  This caused the arrest of Plaintiffs "as surety for the Juristic Persons . . . without written
4   contract or a verify complaint an injury party," and resulted in a 13 hour imprisonment.  Id.

5   On July 22, 2016,[3] Bellamy appeared before Judge Villalobos.  See Complaint at p. 3.
6   Bellamy told Judge Villalobos that he (Bellamy) was a living beneficiary, he was there to settle
7   this matter for his property (apparently meaning himself/his body), and demanded a verified
8   complaint of injury.  See id.  Bellamy stated that Judge Villalobos had no jurisdiction over the
9   living beneficiary and that the Judge was trafficking and trespassing Bellamy's "body as the surety
10  for this matter."  Id.  Judge Villalobos "eroded his Oath of Office."

11  On July 25, 2016, Woodruff appeared before Judge Villalobos.  See id.  Woodruff
12  essentially made the statements to Judge Villalobos that Bellamy had said on July 22.  See id.
13  Woodruff also informed Judge Villalobos that he was "participating in illegal securitization and
14  eroding his oath of office."  Id.

15  On July 29, 2016, Plaintiffs appeared before Judge Reeves.  The Plaintiffs told Judge
16  Reeves that they were there to settle this matter as the living beneficiaries and demanded that
17  Judge Reeves compel Mangar to "disclose the verify complaint of the injury party."  Id.  Judge
18  Reeves stated that if the Plaintiffs "do not plea or contract she will enter a plea for [them]."  Id.
19  Woodruff told Judge Reeves that Judge Reeves could not practice law from the bench because
20  Woodruff had not appointed the judge as her "power of attorney."  Judge Reeves stated that if the
21  Plaintiffs did not take an attorney or plea, then she would place Plaintiffs in custody and deny
22  them the ability to speak on the record, and then gave Plaintiffs the option of either going to jail or
23  returning on August 5, 2016.  Id.

24  On August 9, 2016, Plaintiff filed their Complaint, which contains two "Counts."  Count 1
25  is under 42 U.S.C. § 1983.  Plaintiffs allege under Count 1 that the Defendants deprived Plaintiffs

---

[3] The Complaint actually alleges August 22, 2016, and later alleges incidents occurring on August 25 and  29, 2016.  See Complaint at p. 3.  Since August 22, 25, and 29, 2016 have not yet arrived, it is likely that Plaintiffs meant July 22, 25, and 29, 2016 because Plaintiffs later mention August 5, 2016.  Thus, the Court will view Plaintiffs as meaning to allege dates of July 22, 25, and 29, 2016.

2

of their constitutional rights "by failing and refusing to provide verify complaint of the injury party and false arrest and false imprisonment." Complaint at p. 4. Count 1 also alleges that Defendants acted under color of state law by "encroachment of property interests and otherwise committing illegal Securitization, and preventing and have hinder the [Plaintiffs] from receiving full, fair, impartial justice to settle the account." Id. Under Count 2, Plaintiffs cite RICO, two federal regulations, and two criminal statutes. See id. at pp. 4-5. Count 2 alleges that Defendants failed "to provide Plaintiff-Creditors with the verify complaint of the injury party (Corpus Delicti) and IRC 23C Assessment of the account." Id. at p.4.

*In Forma Pauperis Framework*

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989); DeRock v. Sprint-Nextel, 584 Fed. Appx. 737 (9th Cir. 2014); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati, 821 F.2d at 1370. However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

*Discussion*

A review of the Complaint shows that it is frivolous and that amendment would be futile.

First, 27 C.F.R. § 72.11 and 22 C.F.R. § 92.18 are merely definitional sections related to various federal regulations, they are not causes of action. Similarly, 18 U.S.C. §§ 241 and 242 are criminal statutes. It is well established that these statutes do not provide for private causes of action. See Battle v. Travel Lodge Motel, 474 Fed. Appx. 654 (9th Cir. 2012); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Because these regulations and statutes do not provide a basis for relief, no claims can be stated and amendment would be futile.

Second, with respect to Judges Villalobos and Reeves, the Complaint shows that the Plaintiffs are complaining about the judges' conduct when the Plaintiffs appeared before the judges in connection with an arrest warrant. That is, the Complaint shows that Plaintiffs are complaining about judicial conduct by the judges. Under these circumstances, Judges Villalobos and Reeves enjoy absolute judicial immunity against each of Plaintiffs' claims. See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996); see also Van Beek v. AG-Credit Bonus Ptnrs, 316 Fed. Appx. 554, 555-56 (9th Cir. 2008) (affirming dismissal of RICO claims based on judicial immunity). Because of the nature of judicial immunity, amendment with respect to Judges Villalobos and Reeves would be futile. Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).

Third, with respect to Mangar, the only allegation against him is that he obtained an arrest warrant, which caused Plaintiffs to be arrested. Obtaining an arrest warrant, which leads to the arrest of an individual, is part of the initiation of criminal proceedings and is a prosecutorial function. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Howell v. Sanders, 668 F.3d 344, 351-352 (6th Cir. 2012); Millstein v. Cooley, 257 F.3d 1004, 1012 (9th Cir. 2001). Therefore, Mangar enjoys prosecutorial immunity against each of Plaintiffs' claims. See id. Because of the nature of prosecutorial immunity, amendment with respect to Mangar would be futile. See Smith v. Delaware, 624 Fed. Appx. 788, 790-91 (3d Cir. 2015); Lopez v. County of L.A., 2016 U.S. Dist. LEXIS 1339, *21 (N.D. Cal. Jan. 5, 2016); Douglas v. Miller, 864 F.Supp.2d 1205, 1221 (W.D. Ok. 2012).

Fourth, with respect to claims against the Defendants in their official capacity, a claim against a person in their "official capacity" is a claim against that individual's employing entity. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Suits against California state judges are suits against California. See Langston v. Orr, 569 Fed. Appx. 487 (9th Cir. 2015); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995). Further, suits against California district attorneys who are acting in a prosecutorial capacity are suits against California. Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008). The Eleventh Amendment bars suits by citizens against their own state. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). None of Plaintiffs' claims abrogate the Eleventh Amendment. See Kentucky, 491 U.S. at 169 n.17 (claims under 42 U.S.C. § 1983 are barred by the Eleventh Amendment); Chappell v. Robbins, 73 F.3d 918, 925 (9th Cir. 1996) (claims under RICO are barred by the Eleventh Amendment). Because the Eleventh Amendment bars all Plaintiffs' claims for damages against Defendants in their official capacity, amendment of those claims would futile. See Langston, 569 Fed. Appx. at 487.

Fifth, with respect to injunctive relief, Plaintiffs request that the Court issue an injunction that dismisses the on-going state criminal case and enjoins further prosecution. However, absent extraordinary circumstances, federal courts are prohibited from interfering by injunction with on-going state court criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-54 (1970); Logan v. U.S. Bank N.A., 722 F.3d 1163, 1167 (9th Cir. 2013); California v. Tolefree, 458 F.2d 494, 495 (9th Cir. 1972). The Complaint does not reflect any extraordinary circumstances that would warrant federal involvement in Plaintiffs' criminal matter. Because *Younger* proscribes the injunctive relief sought, amendment with respect to injunctive relief would be futile.

Finally, the allegations and apparent theories for Plaintiffs' claims are specious. The Complaint identifies Defendants as "Debtors," identifies Plaintiffs as either "Creditors," "Executor and Executrix," or "indigenous woman and man of the land," makes a distinction between the "republic of California, which is in this judicial district" and the "state of California," and refers to the "People of the state of California d/b/a State of California sub-instrumentality of the bankruptcy corporation 28 § 3002(14)." Complaint at pp. 1-2. Plaintiffs' claims appear to be based on the notion that that their physical bodies are part of a trust, to which Plaintiffs themselves

are living beneficiaries, see Complaint p. 3, and that when Plaintiffs were taken into custody, this somehow implicated the laws of trusts or bailments and imposed certain obligations on Defendants and deprived the judges of jurisdiction.  Allegations such as "[Plaintiffs were arrested] as surety [for the Judges] without written contract or a verify complaint of an injury party . . .," are common throughout the Complaint.  See id. at pp. 2-4.  Plaintiffs are attempting to superimpose non-applicable legal concepts onto criminal proceedings.  However, their allegations and use of legal jargon form no basis for liability.  The Complaint smacks of the illegitimate and discredited rhetoric of "sovereign citizens."  E.g. United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2009); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992); Muhammad v. Smith, 2014 U.S. Dist. LEXIS 99990, *1-*7 (N.D. N.Y. July 23, 2014); United States v. Mitchell, 405 F.Supp.2d 602 (D. Md. 2005).  Because the allegations and bases for Complaint's theories are frivolous, amendment would be futile.  See id.; Nunez v. D.T.C., 2013 U.S. Dist. LEXIS 138514, *6 (D. S.C. Aug. 30, 2013) (and case cited therein).

Given the above, Plaintiffs' claims are frivolous.  See Neitzke, 490 U.S. at 325; Tripati, 821 F.2d at 1370.  Because amendment would be futile, the Court will deny Plaintiffs' motion to proceed *in forma pauperis* and dismiss this case.  See 28 U.S.C. § 1915(e); Rodriguez, 795 F.3d at 1188; Minetti, 152 F.3d at 1115; Tripati, 821 F.3d at 1370.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiffs' motions to proceed *in forma pauperis* (Doc. Nos. 2, 3) are DENIED;
2. This case is DISMISSED as frivolous; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   August 15, 2016                                    _____
                                                              SENIOR DISTRICT JUDGE